# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| DONNA C. KING, | : |
| Claimant, | : |
| v. | : CASE NO. 4:07-CV-43 (CDL) |
| | : Social Security Appeal |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Respondent. | : |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error, and she seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may not decide facts, reweigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d at1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 et seq.

Under the regulations, the Commissioner determines if a claimant is disabled by a

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Whether the ALJ failed to properly analyze Claimant's mental residual functional capacity in failing to fully credit her treating physician's opinion?**

II. **Whether the ALJ failed to properly consider the side effects of Claimant's medications?**

III. **Whether the ALJ failed to compose a complete hypothetical to the Vocational Expert?**

## Administrative Proceedings

3

Claimant filed for disability benefits on October 15, 2003. (T-16). Claimant's application was denied initially and on reconsideration. Claimant then filed a request for a hearing before an administrative law judge (ALJ), wherein a video hearing was ultimately held on June 14, 2006. During the hearing, Claimant amended her alleged disability onset date from June 20, 2003, to August 11, 2003. (T-16). Subsequent to the hearing, the ALJ found that the Claimant was not disabled in a decision dated June 27, 2006. (T-16-24). Claimant then requested a review of the ALJ's findings by the Appeals Council. Thereafter, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (T-7-9).

**Statement of Facts and Evidence**

Claimant alleges in this, her third disability application, that she is disabled due to depression, panic attacks and social anxiety disorder. (T-177). After examining the medical records, the ALJ determined that Claimant had an anxiety disorder with panic attacks and social anxiety, left hemiparesis of unknown origin, and a seizure disorder, impairments that were severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T-19). Thereafter, the ALJ found that Claimant had the residual functional capacity to perform a range of light exertional work and that Claimant would not be able to return to her past relevant work. After consulting a Vocational Expert, the ALJ found that there were number of jobs available in significant numbers which Claimant could perform. (T-23). As such, the ALJ found that Claimant was not disabled. (T-24).

4

## DISCUSSION

**I.     Did the ALJ fail to properly analyze Claimant's mental RFC in failing to fully credit her treating physician's opinion?**

In her first enumerated issue, Claimant contends that the ALJ erred in his determination of her mental residual functional capacity where he chose to credit only portions of her treating physician's opinion. (R-9, p. 2). Specifically, she alleges that the ALJ, who found that Dr. Perez's opinions were entitled to significant weight, failed to note the doctor's opinion that she would be absent from work more than twice a month due to her mental impairments. *Id.*

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *See also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). To give a medical opinion controlling weight the ALJ "must find that the treating sources' opinion is 'well supported' by 'medically acceptable' clinical and diagnostic techniques. The adjudicator cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." S.S.R. 96-2p. Additionally, the ALJ must find that the treating source's opinion is "not

inconsistent" with the other "substantial evidence" of record. *Id.*

The weight afforded a medical source's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon; the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support an opinion, the consistency of the opinion with the record as a whole, the specialty of the medical source and other factors. 20 C.F.R. §416.927(d).

Here, as is noted by the Commissioner, Claimant does not argue with the ALJ's determinations of her physical residual functional capacity or his finding that she would be limited to simple, repetitive work involving no contact with the public, limited contact with co-workers, and work that was low stress. (T- 19, 20). Claimant merely contends that the ALJ failed to note that Dr. Perez found that Claimant's bipolar and panic disorders would cause her to miss more than two days of work a month after finding that Dr. Perez's opinion was entitled to significant weight. (R-9, p. 2). As such, the Claimant contends that the ALJ has committed reversible error in his determination of her residual functional capacity. *Id.*

It is well established that the ALJ must consider any medical opinions, which are statements from acceptable medical sources, that reflect judgments about the nature and severity of the impairment and resulting limitations. (20 CFR §404.1527(f) and Social Security Rulings 96-2p and 96-6p). It is also well established that the ALJ must state with specificity the weight she accords to each item of evidence and why, based on that evidence,

she reached the decision that she did. *See, Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

A review of the medical evidence, along with the ALJ's decision, reveals that the ALJ credited the opinions of Dr. Perez and incorporated the medical provider's opinions into his determination fo Claimant's residual functional capacity. The ALJ's failure to note that Dr. Perez found that Claimant's impairments would cause her to miss more than two days of work per month due to her panic disorder is not cause for remand in this case. It is obvious from the ALJ's decision that he incorporated the limitations found by Dr. Perez into his residual functional capacity determination and ultimately found that, even with those limitations, the Claimant had the residual functional capacity to perform some work which exists in today's national economy. As such, the court finds no merit to Claimant's contention that he erred in determining her psychiatric/ psychological residual functional capacity.

**II.     Did the ALJ fail to properly consider the side effects of Claimant's medications?**

Claimant next contends that the ALJ erred in failing to question her with regard to the side effects she experienced from her medications. (R-9, p. 3). Particularly, Claimant asserts that, pursuant to *Cowart v. Schweiker*, the ALJ was required to elicit testimony from her regarding the effects of her medications on her ability to work. *Id.*

The record reveals that Dr. Perez noted on a questionnaire that Claimant took a medication which could affect her ability to work but fails to show that Claimant actually

7

complained of any impairment in her "ability to think." (T-483). Furthermore, although Claimant alleges that the ALJ was required to question her with regard to possible side effects, she apparently failed to remember that during the hearing, the ALJ directly asked her about possible side effects of her medications. (T-45). Specifically, the transcript states:

> ALJ: Okay. The medications that you're taking, I realize they've had you on different dosages in the last three years. Do they affect you in any way, or have you talked to the doctor about how they affect you as far as any side effects or anything.
>
> CLMT: No.
>
> ALJ: But, in fact, they do make you sleepy during the day, or any other thing like that?
>
> CLMT: Yes.
>
> ALJ: So the doctor may have noted that sometimes during the day, you sleep a good bit, don't you?
>
> CLMT: Yes, I do.

(T-45). Furthermore, as is noted by the Commissioner, Claimant specifically denied that she experienced any side effects from the medications she took. (T-182, 201, 206, 217, 232, 239).

The Regulations state that the burden is on the claimant to prove the severity of her impairments. 20 C.F.R. §§ 404.1512(a)(c); 416.912(a) and (c). It is up to the Claimant to ensure that the Commissioner gets enough information to make a qualified decision in her case. Where the Claimant fails to establish that she suffers from marked side effects of her medications, the ALJ is under no duty to question Claimant about said possible side effects

as Claimant alleges. As such, no error is found in the ALJ's failure to evaluate the side effects of Claimant's medications.

### III. Did the ALJ fail to compose a complete hypothetical to the Vocational Expert?

Lastly, Claimant contends that the ALJ failed to compose a complete hypothetical question to the Vocational Expert (VE) where he failed to include Dr. Perez's opinion that she would be absent from work more than two times a month and failed to include the side effects that her medications caused her. (R-9, p. 3). In this case, the ALJ stated that the vocational expert found that Claimant could find relevant work in the national economy for light unskilled work. (T-23, 24).

It is the law of this circuit that hypothetical questions posed to a vocational expert must contain adequate assumptions or the answers given cannot constitute substantial evidence of ability to engage in substantial gainful activity. *Stubbs v. Mathews*, 544 F.2d 1251, 1256-57 (5th Cir. 1977). *See also Freeman v. Schweiker*, 681 F.2d 727, 730 (11th Cir. 1982); *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980). Taken further, hypothetical questions posed to vocational experts by ALJ's must set out precisely the claimant's particular physical and mental impairments. *Taylor v. Sullivan*, 951 F.2d 878, 882 (8th Cir. 1991). *See also Kosman v. Shalala,* 990 F.2d 1258 (9th Cir. 1993). In addition, a hypothetical need only contain a claimant's credible limitations. *See Pertuis v. Apfel*, 152 F.3d 1006, 1007 (8th Cir. 1998).

As it has been determined that Claimant's prior argument of error regarding the

opinion of Dr. Perez and any possible side effects of her medications were without merit, it follows that the ALJ did not err by failing to include those statements in his hypothetical to the VE. As such, no error is found in the ALJ's ultimate determinations regarding the testimony of the VE.

## CONCLUSION

In reviewing the record, no evidence of error is found to substantiate the Claimant's contention that the ALJ erred in determining her residual functional capacity or failing to analyze the side effects of her medications. This Court further finds no error in the testimony elicited from the vocational expert and finds further that the decision of the ALJ is supported by substantial evidence. The record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

THIS the 19th day of June, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw